IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
ROBERT W. LOVE,                    )
                                   )
                 Plaintiff,        )    CIVIL ACTION
                                   )
v.                                 )    No.  15-1077-MLB
                                   )
FEDERAL RESERVE BOARD OF GOVERNORS,)
                                   )
                 Defendant.        )
                                   )
```

## MEMORANDUM AND ORDER

This case comes before the court on defendant's motion to dismiss. (Doc. 5). The motion has been fully briefed and is ripe for decision. (Docs. 6, 7, 11). Defendant's motion is granted for the reasons herein.

### Analysis

Plaintiff's complaint alleges that defendant Federal Reserve Board of Governors (Board) has violated its obligation set forth in section 2A of the Federal Reserve Act, 12 U.S.C. §225a (FRA) regarding maintenance of long run growth of monetary and credit aggregates. (Doc. 1). Plaintiff seeks damages of $150,000 due to loss of interest on his savings and inflation. The Board moves to dismiss on the basis of sovereign immunity.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 996 (1994); Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005)("In general, federal agencies and officers acting in their official capacities are also shielded by sovereign immunity.") A waiver of the United States' sovereign immunity "must

be unequivocally expressed in statutory text," "will not be implied," and "will be strictly construed, in terms of its scope, in favor of the sovereign." Lane v. Pena, 518 U.S. 187, 192, 116 S. Ct. 2092 (1996).

If the government has not consented to suit against its agency, "the courts have no jurisdiction to either restrain the government from acting, or to compel it to act." United States v. Murdock Mach. & Engineering Co., 81 F.3d 922, 930 (10th Cir. 1996). A waiver of federal sovereign immunity can be found in one of two places: in the specific statute governing a governmental entity, or in one of the broad waivers of immunity made by Congress for certain classes of federal agencies. Research Triangle Inst. v. Bd. of Governors of the Fed. Reserve Sys., 132 F.3d 985, 988 (4th Cir. 1997).

Plaintiff has failed to establish that Congress has waived sovereign immunity for the Board. In his response, plaintiff does not challenge the Board's sovereign immunity. Instead, plaintiff has filed a motion to stay the proceedings so that the court can review the merits of plaintiff's claim. (Docs. 9, 10). Plaintiff's motion to stay fails to address the jurisdictional issue before the court.

As a government agency, the Board has sovereign immunity which has not been waived. See Research Triangle Inst., 132 F.3d at 988-89; 28 U.S.C.A. § 2680(i). Therefore, the court finds that the Board cannot be sued in federal court for the claim brought forth by plaintiff.

## Conclusion

The Board's motion to dismiss is granted. (Doc. 5). Plaintiff's motion to stay is denied as moot. (Doc. 9).

-2-

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 3 double-spaced pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>, 810 F. Supp. 1172, 1174 (1992). The response to any motion for reconsideration shall not exceed 3 double-spaced pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this <u>  11th  </u> day of June 2015, at Wichita, Kansas.

<u>    s/ Monti Belot    </u><br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE